## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. PX-18-631** |
| | : | |
| **TAEYAN RAYMOND WILLIAMS,** | : | |
| | : | |
| **Defendant** | : | |

## DEFENDANT TAEYAN WILLIAMS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT STATEMENTS OF VICTIM

COMES NOW Defendant, Taeyan Williams ("Mr. Williams"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., and Alfred Guillaume, III, Law Offices of Alfred Guillaume III, LLC and respectfully responds to the Government's Motion *in Limine* to Admit Statements of Victim (the "Motion") (ECF No. 141.) In support of this response, counsel state as follows:

1.      "A motion in limine is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cty., Maryland*, No. CV ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions *in limine* further promote judicial

1

efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996). *See also United States v. Wall*, No. CR SAG-19-0500, 2022 WL 1268061, at *1 (D. Md. Apr. 28, 2022) (noting that motions *in limine* allow courts to "streamline" cases).

2. Unfortunately, the Government's Motion advances none of these objectives. With a multi-week trial less than one month away, the Government has submitted to this Court a vague motion rife with conjecture and supported by no exhibits, leaving Mr. Williams unable to respond with any particularity. Nevertheless, Mr. Williams addresses the general points raised in the Motion.

3. First, the Government has moved to admit testimony by unnamed witnesses that in the days leading up to his disappearance, Noah Smothers made statements indicating that he planned to travel to Maryland to meet with the Defendants Taeyan and Scott Williams and/or members of their family. The Government correctly notes that Federal Rule of Evidence 803(3) provides an exception to the hearsay rule for "a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health)." Fed. R. Evid. 803(3). The Government ignores that the Fourth Circuit has held that "[t]he threshold requirements for

invoking this hearsay exception are that (1) the statement must be contemporaneous with the mental state sought to be proven; (2) there must be no suspicious circumstances suggesting a motive for the declarant to fabricate or misrepresent his or her thoughts; and (3) the declarant's state of mind must be relevant to an issue in the case." *United States v. Srivastava*, 411 F. App'x 671, 684 (4th Cir. 2011).

4.     Without a detailed proffer as to when these alleged statements were made, to whom they were made, and the circumstances in which they were made, Mr. Williams is unable to respond to the Government's argument. In addition, Mr. Williams is unable to assess whether any such testimony would violate Rule 403.

5.     Second, the Government has moved under Rule 801(d)(2)(E) to admit statements of Noah Smothers that it contends were made in furtherance of an alleged drug trafficking conspiracy. "In order to admit a statement under 801(d)(2)(E), the moving party must show that (i) a conspiracy did, in fact, exist, (ii) the declarant and the defendant were members of the conspiracy, and (iii) the statement was made in the course of, and in furtherance, of the conspiracy." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (citations omitted). While the Government has indeed *charged* Mr. Williams with taking part in a narcotics conspiracy with Noah Smothers, the Government has not proffered sufficient evidence at this time to allow this Court to find that the proffered conspiracy in fact existed or that Mr. Williams' had a membership role in it. Indeed, though not required in the Fourth Circuit, Mr.

Williams respectfully asserts that this Court should hold a hearing outside of the presence of the jury to determine the reliability of any alleged co-conspirator statements on the part of Mr. Smothers. The alleged statements could easily have been fabricated or embellished by friends and associates of Mr. Smothers who were desperate to see his disappearance solved or whose testimony may reflect the influence of information conveyed by private investigators working on behalf of the Smothers family.

6.    The Government further contends that Noah Smothers' drug ledgers are admissible both as present sense impressions under Federal Rule of Evidence 803(1) and as business records under Federal Rule of Evidence 803(6). The Government cites no cases in support of its argument on Rule 803(1) and relies primarily on a 1983 opinion of the United States Court of Appeals for the Ninth Circuit in support of its argument on Rule 803(6). Federal Rule of Evidence 803(1) provides a hearsay exception for statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it." The Fourth Circuit has held that notes which are the functional equivalent of a to-do list made "substantially contemporaneous" with the events they memorialize qualify as present-sense impressions. *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 567 (4th Cir. 1994). There is not sufficient evidence in the record before this Court to conclude that

Smothers' ledger entries were made contemporaneous with the events they purportedly describe.

7.      Furthermore, as Judge Grimm of this Court has explained,

The [business records] exception applies to a "record of an act, event, condition, opinion, or diagnosis" if five criteria are satisfied. First, the record must be "made at or near the time by—or from information transmitted by—someone with knowledge." [Fed. R. Evid.] 803(6)(A). Second, the record must be "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit." *Id.* 803(6)(B). Third, "making the record [must be] a regular practice of that activity." *Id.* 803(6)(C). Fourth, the first three criteria must be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." *Id.* 803(6)(D). Finally, the exception only applies if "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* 803(6)(E). Collectively, these elements insure that the business record is the result of a regular practice to record regular activity, which is reliable.

*Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 515–16 (D. Md. 2012) (Grimm, Mag. J.). Again, in this case, there is no evidence in the record as to when the leger notes were made. The Government has not proffered a sponsoring witness for the supposed business records. And there is certainly reason to doubt the trustworthiness of records the Government concedes detail illicit transactions. Accordingly, the Government has not and cannot meet its burden to admit the leger notes as business records. Mr. Williams preserves any and all objections to the admission of the notes at trial, including objections on the basis of authenticity.

8.     Finally, the Government invites this Court to expand the doctrine of forfeiture by wrongdoing beyond recognition. The Government "*anticipates*" that a witness "*may*" testify that in the course of the alleged robbery and kidnapping, the defendants killed Noah Smothers because they feared he would tell law enforcement about the crimes committed against him. (ECF No. 141 at 4, emphasis added.) The Government contends that it is justified under Federal Rule of Evidence 804(b)(6) in admitting any and all alleged statements of Noah Smothers bearing any possible relevance to this case. The Government is wrong and its argument contravenes the guarantees of due process.

9.     Federal Rule of Evidence 804(b)(6) provides an exception to the hearsay rule for "[a] statement offered against a party that wrongfully caused--or acquiesced in wrongfully causing--the declarant's unavailability as a witness, and did so intending that result." The Fourth Circuit has "upheld the admission of evidence under a theory of forfeiture by wrongdoing only when the government has shown by a preponderance of the evidence that the defendant's wrongdoing "was intended to render the declarant unavailable as a witness." *United States v. Dinkins*, 691 F.3d 358, 383 (4th Cir. 2012). The Government's anticipation of what a witness may say at trial falls far short of proof by a preponderance of the evidence. Compare the Government's invitation in this case with the Government's successful effort to introduce the grand jury testimony of a murdered cooperating witness in a recent

racketeering trial before Judge Blake. In *United States v. Barronette, et al*., CCB-16-597, a case tried by two of the undersigned and involving allegations of several murders, Judge Blake conducted a lengthy hearing to receive testimony and hear argument in relation to the Government's motion to admit statements under the doctrine of forfeiture by wrongdoing. Sept. 11, 2018 Tr., *United States v. Barronette*, CCB-16-597, ECF No. 386. While the undersigned disagreed with the Court's ruling on the issue, the process provided a means for the defendants to confront the serious allegations underlying the forfeiture by wrongdoing argument. Here, the Government would have this Court accept its speculation as the basis for issuing a license to admit a host of prejudicial and unreliable testimony. Moreover, under the Government's theory, in any case alleging murder, *all* arguably relevant statements of a victim would be admissible. That cannot be, and thankfully, is not the law.

10.   For the reasons stated above, the Government's Motion should be denied.

Respectfully submitted,

s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

_____/s/_____
Alfred Guillaume, III
Law Offices of Alfred Guillaume, III
1350 Connecticut Ave NW, Suite 700
Washington, DC 20036
202-321-0549

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2022, a copy of the foregoing was

sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
Michael E. Lawlor

8