**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | 18-631-PX-1 |
| **SCOTT WILLIAMS** | * | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE
REGARDING ALTERNATIVE SUSPECTS**

The defendant, Scott Williams, through his undersigned counsel, hereby respectfully moves this Honorable Court to deny the Government's Motion to prohibit the presentation of evidence regarding alternative suspects.

**Background**

On the very weekend Mr. Noah Smothers, an accused marijuana dealer, is alleged to have disappeared, individuals who were involved in marijuana dealing and shared the same storage facility as Mr. Smothers killed a participant in their own marijuana deal. Mr. Smothers received a "bulk" delivery of marijuana in the same facility on the same day (the day before his disappearance) by the same means as the individuals who also received their "bulk" delivery of marijuana. The individuals were at liberty for nearly the entire period between Mr. Smothers disappearance and the arrest of the defendants in this case. A period during which an intended key witness in their case was shot to death before she could testify against them. The murder of that witness is to this day unsolved.

1

**Argument**

The defense agrees that rules articulated in *Holmes v. South Carolina*, 547 U.S. 319 (2006), in quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) inform the standard of what is admissible in a criminal trial.  The Court in *Holmes* quoted *Crane* in holding that "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense."  In the *Holmes* case the prosecution's attempt to limit the defendant was buttressed by a South Carolina law which forbade the introduction of alternative suspect evidence if such was inconsistent with the prosecution's forensic evidence.  The Court held that notwithstanding the South Carolina law, that the fourteenth and ultimately sixth amendment rights of the defendant required the opportunity to provide a full defense, which may include evidence about alternative suspects (The defense seeks to introduce evidence of two individuals convicted of a single murder, both of whose initials are N.J.)

The prosecution in our case points to Federal Rule of Evidence 401 and argues that another's conviction of a different murder shed's no light on whether the defendants in this case committed murder.  This argument ignores that Federal Rule of Evidence 404 establishes that evidence of similarities between prior misconduct and that at hand can be probative in a trial.  In our case, there are striking similarities, to the crime of the N.J.'s, including marijuana dealing, killing during the course of drug trafficking, and a clear opportunity to have encountered Mr.

Smothers in the place where he stored his drugs, and during the time that he went missing.

The prosecution's labelling of an alternative suspect theory as remote or speculative is particularly noteworthy in this case where the prosecution's theory is nearly entirely based on circumstantial evidence (the sole apparent 'direct' evidence is an as yet undisclosed, unrecorded, uncorroborated "jailhouse confession.")

Like the South Carolina prosecutors in the *Holmes* case, Mr. Williams prosecutors have confused confusion with confrontation. The fact that they must defend their theory and establish the truth of their allegations beyond a reasonable doubt even in the face of contrary theories is a hallmark of American justice, not its' defect.

Respectfully submitted,

/Signed
KWASI HAWKS
District Bar #: 13902
The Hawks Firm
8705 Colesville Road, Suite 162
Silver Spring, Maryland  20910
Tel:  (310) 433-5577
Email: kwasihawks@hotmail.com