## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. TDC-18-631** |
| **SCOTT ANTHONY WILLIAMS and** **TAEYAN RAYMOND WILLIAMS,** | |
| **Defendants** | |

## NOTICE OF SPEEDY TRIAL RESEARCH

As requested by the Court during a recorded status call on November 22, 2022, the United States, by its undersigned counsel, along with counsel for the defendant, Taeyan Raymond Williams ("T. Williams"), files this Notice of Speedy Trial Research.   T. Williams and the government are in agreement that if the Court were to grant a continuance of the current trial date, the Court has the discretion and legal authority to toll the speedy trial clock under 18 U.S.C. § 3161(c)(1) through a new trial date of April 24, 2023 or May 1, 2023, as explained in more detail below.   Scott Anthony Williams ("S. Williams") objects to a continuance of the trial beyond March 13, 2023.

I.      Factual and Procedural Background

On December 18, 2018, an indictment was returned against the defendants, which charged them both with conspiracy to distribute controlled substances (including marijuana, cocaine, and more than 500 grams of methamphetamine), in violation of 21 U.S.C. § 846, and further charged S. Williams with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).    (ECF 1).    The initial appearance on the indictment for S. Williams was held on January 24, 2019 (ECF 6) and the initial appearance for T. Williams was held on May 7, 2019 (ECF 22).

On December 18, 2019, a superseding indictment was returned against the defendants, which added the charge of murder in furtherance of conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 18 U.S.C. § 848(e)(1)(A), against the defendant, S. Williams.   (ECF 36).

On September 29, 2021, a second superseding indictment was returned against the defendants, which added new charges against both defendants, including a capital eligible charge. (ECF 108).

Under the Speedy Trial Act, the trial of the defendants shall commence within seventy days of their initial appearance.   18 U.S.C. § 3161(c)(1) (2012).[1]   However, the Speedy Trial Act provides for the exclusion of certain delays when computing the time within which the defendants trial shall commence.   18 U.S.C. § 3161(h).   For example, any delays resulting from the filing of any pretrial motion through the hearing deciding such motion is excluded for speedy trial calculation purposes.   18 U.S.C. § 3161(h)(1)(D).

In addition, any delays resulting from a continuance is excluded for speedy trial purposes if a judge finds that the ends of justice are served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).   Some of the factors a judge "shall consider in determining whether to grant a continuance" under 18 U.S.C. § 3161(h)(7)(A) include the complexity of the case, the number of the defendants, the continuity of counsel, and reasonable time necessary for effective preparation.   18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).

The Court has previously ordered that the time between S. Williams' initial appearance on the indictment (January 24, 2019) through the currently scheduled trial date of February 27, 2023, be excluded under the Speedy Trial Act through five separate orders:   (1) on May 30, 2019, the

---

[1] The Fourth Circuit has held that the filing of a superseding indictment restarts the Speedy Trial Act clock.   *See United States v. Dixon*, 542 F. App'x 273, 278 (4th Cir. 2013).

Court ordered the time from January 24, 2019 through March 27, 2019 to be tolled (ECF 28); (2) on February 19, 2021, the Court ordered the time from March 27, 2019 through April 12, 2021 to be tolled (ECF 93); (3) on August 17, 2021, the Court ordered the time from April 12, 2021 through March 7, 2022 to be tolled (ECF 105); (4) on January 5, 2022, the Court ordered the time from March 7, 2022 through November 7, 2022 to be tolled (ECF 126); and (5) on October 28, 2022, the Court ordered the time from November 7, 2022 through February 27, 2023 to be tolled (ECF 168).

Now pending before this court is T. Williams' consent motion to continue the trial to another date due to a conflict his counsel has with another trial that is scheduled for February 27, 2023.   (ECF 173).   During two recorded status calls with the Court on November 21, 2022 and November 22, 2022, defense counsel for S. Williams objected to any further continuance of the trial after March 13, 2023.   (ECF 177 and 180).   The Court, during the recorded status call on November 22, 2022, asked the parties to provide the Court with research regarding any speedy trial issues that might occur if the trial were continued to April 24, 2023 or May 1, 2023.[2]   (ECF 180).

II.   <u>Legal and Factual Analysis</u>

In this case, T. Williams' lead counsel has asked for a continuance of the trial and S. Williams objects to a continuance past March 13, 2023.   Under the Speedy Trial Act, as interpreted by the Fourth Circuit, if one defendant needs additional time to prepare for trial and his co-defendant objects to the continuance, the speedy trial clock should be tolled as to both defendants.   18 U.S.C. § 3161(h)(6); *see United States v. Ellis*, 781 F. App'x 271, Ftn. * (4th Cir. 2019) ("[t]o the extent that [the defendant] contends that the continuances, for the benefit of his codefendants, should not have been applied to him, we note that, in a case involving several

---

[2] T. Williams' lead counsel would prefer the trial to start on May 1, 2023, in case his other trials run long.

defendants, time excludable for one defendant is excludable for all defendants"); *see also United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998) ("[i]n a case involving several defendants, time excludable for one defendant is excludable for all defendants."); *see also United States v. Sarno*, 24 F.3d 618, 622 (4th Cir. 1994) (noting that, if one codefendant files a motion to continue and the district court grants it, then that time is excluded as to all co-defendants regardless of whether a motion to sever has been filed); *see also United States v. Izegwire*, 371 F. App'x 369, 373 (4th Cir. 2010).

The rule about tolling the Speedy Trial Act as to both defendants "avoids putting the Government in the position of having to choose between prosecuting defendants separately and violating the Speedy Trial Act." *United States v. Ellis*, 781 F. App'x 271, Ftn. * (4th Cir. 2019) (internal citations removed); *see also United States v. Khoury*, 901 F.2d 948, 972 (11th Cir. 1990) ("[t]here is a strong preference for trying codefendants together as it promotes judicial efficiency by avoiding successive trials involving the same evidence.").

There are also a number of pending motions in this case that toll the Speedy Trial Act clock until they are resolved by the Court.   18 U.S.C. § 3161(h)(1)(D).   *See United States v. Rendelman*, 968 F.2d 1213, at * 2 (4th Cir. 1992) (the period of time in which the defendant's motions were outstanding, which were twelve days after his arraignment through five days before trial, were properly excluded under the Speedy Trial Act).   "The Supreme Court has ruled that the pretrial motion exclusion is absolute, without qualification for reasonableness in the delay." *Id*. *citing Henderson v. United States*, 476 U.S. 321, 326-27 (1986); *see also United States v. Dixon*, 542 Fed. Appx. 273, 277 (4th Cir. 2013).

For example, on November 3, 2021, S. Williams filed a motion for review of a detention order.   (ECF 116).   On November 15, 2021, the government filed a response in opposition to S. Williams' motion.   (ECF 119).   Within his motion, S. Williams argued that his continued

detention impacted his Sith Amendment Speedy Trial Rights and that he should be released to allow him to more fully participate in his defense.   (ECF 116).   It appears this motion was never ruled upon, but it may have been waived by S. Williams' continued consent to toll the Speedy Trial Act.   (ECF 125 and 167).   Plus, the time between March 27, 2019 (the date S. Williams filed his motion to suppress evidence) and July 6, 2022 (the date the Court ruled on S. Williams' motion to suppress evidence) was excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(D).   (ECF 16 and 134).

In addition, on September 26, 2022, the government and the defendants filed various motions *in limine*.   (ECF 140-142 and 144).   On October 9 and 10, 2022, the government and the defendants filed responses to the pending motions.   (ECF 150, 152-155, and 157).   These motions remain pending and have not been ruled on by the Court.

As noted above, the seventy days under the Speedy Trial Act has not yet begun to run in this case due to the Court's five prior tolling orders.   (ECF 28, 93, 105, 126, and 168). Therefore, even if the Court were to choose a new trial date of April 24, 2023 or May 1, 2023, and the Court was not willing to grant an additional tolling motion of the Speedy Trial Act, the defendants' speedy trial rights would not be violated because it would be less than seventy days after the last tolling motion ends.[3]

III.   Conclusion

For the reasons stated above, T. Williams and the government are in agreement that if the Court were to grant a continuance of the current trial date, the Court has the discretion and legal authority to toll the speedy trial clock under 18 U.S.C. § 3161(c)(1) through a new trial date of April 24, 2023, or May 1, 2023.

---

[3] Seventy days from February 27, 2023 is May 8, 2023.   *See* https://www.whatisthedatetoday.com/70-days-from-february-27-2023.html (last visited November 25, 2022).

Respectfully submitted,

Erek L. Barron
United States Attorney
District of Maryland


By: _____
Leah B. Grossi
William D. Moomau
Assistant United States Attorneys
United States Attorney's Office
District of Maryland

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of November, 2022, the foregoing motion was filed electronically and thus served upon defense counsel.

_____
Leah B. Grossi
Assistant United States Attorney